**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE AGUILAR, | No. 19-16118 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-00529-MMD-CBC |
| v. | |
| MICHAEL B. KOEHN; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted March 16, 2021**

Before:      GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Nevada state prisoner Jose Aguilar appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference

to his serious medical needs.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo the district court's ruling on cross-motions for summary judgment.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016). We affirm.

The district court properly granted summary judgment for defendant Koehn regarding the treatment of Aguilar's back pain and prescription of high blood pressure medication, and defendant Kerner regarding the provision of medical assistance to Aguilar during his seizure episode, because Aguilar failed to raise a genuine dispute of material fact as to whether these defendants were deliberately indifferent. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to the prisoner's health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court properly granted summary judgment for defendant Baker because Aguilar failed to exhaust his administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him. *See Ross v. Blake*, 136 S. Ct. 1850, 1856, 1858-60 (2016) (explaining that an inmate must exhaust such administrative remedies as are available before bringing suit, and describing limited circumstances in which administrative remedies are unavailable); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on

the merits)." (citation, internal quotation marks, and emphasis omitted)).

Aguilar's request, set forth in the opening brief, to unseal his medical records to allow this court to review his medical records is denied as unnecessary. *See* Fed. R. App. P. 10(a) (record on appeal includes original papers and exhibits filed in the district court).

**AFFIRMED.**